DECISION
Defendant filed a Motion to Dismiss on July 31, 2008. This was denied by the court during a case management conference on October 23, 2008.
A trial was held on February 4, 2009. Nick Stearns participated on his own behalf. Leanne Holz appeared for Defendant.
The 2007-08 real market value (RMV) is $229,730. Plaintiff's Complaint sought a reduction to $190,000. At trial, Plaintiff amended his request to seek $225,000 RMV.
 I. STATEMENT OF FACTS
The subject property is a two bedroom residential condominium located at 8023 North Leavitt Avenue, Unit 10-1, in Portland. It was built in 2006 and has 1264 square feet of living area. It is used to produce rental income.
Plaintiff acquired the property on September 20, 2006; the stated consideration was $170,000. A month earlier, on August 17, 2006, there was an independent fee appraisal that concluded a value of $190,000. That appraiser did not participate at trial nor was the document produced. Both Plaintiff's purchase of the property and the appraisal were done prior to *Page 2 
completion of construction and some months before the assessment date of January 1, 2007. The property seller was Matthew Frank LLC; Plaintiff is a partner with the project developers.
At trial, Defendant's witness produced evidence of 33 sales that occurred close to the assessment date in 2006 and 2007. They ranged in value from $237,147 to $265,266. The average price was near $250,000. All sales examined were at prices higher than the record RMV set for the subject property.
 II. ANALYSIS
The parties disagree on many things. This court is not required to resolve them all. As to the base RMV, the evidence favors Defendant. An important tax case bearing directly on this appeal is Kem v. Dept. ofRev., 267 Or 111, 114, 514 P2d 1335 (1973), which involves the acquisition of certain property under appeal. That dispute held that:
 "If the sale is a recent, voluntary, arm's length transaction between a buyer and seller, both of whom are knowledgeable and willing, then the sales price, while certainly not conclusive, is very persuasive of the market value."
To the court, the key words in that citation are arm's lengthtransaction. Here, the stated price was set between business-related partners several months prior to the assessment date of January 1, 2007. Therefore, even if it is to be used, a substantial time adjustment is necessary. Plaintiff offered no market justification for any certain increase in value. The court finds that the business-set price in 2006 was not reflective of the true RMV for the 2007-08 tax year. Defendant's evidence and analysis are superior.
Furthermore, the requested relief as amended at trial is within 2 percent of that amount appearing on the tax roll. A difference of so slight a margin renders nearly impossible any attempt to prove that lesser RMV. *Page 3 
Plaintiff has the burden of proof and must establish his case by a "preponderance" of the evidence. See ORS 305.427 (2007). A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312
(1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this day of March 2009.
JEFFREY S. MATTSON
Magistrate
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on March 6,2009. The Court filed and entered this document on March 6, 2009. *Page 1